1
2
3
4                      UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7    LUKE J. CARRERO,                          Case No. 19-cv-06110-HSG
8                   Petitioner,
                                               **ORDER GRANTING EXTENSION OF**
9         v.                                   **TIME TO FILE TRAVERSE;**
                                               **DENYING REQUEST FOR**
10   DAVID J. HOLBROOK,                         **APPOINTMENT OF COUNSEL**
11                 Respondent.                 Re: Dkt. No. 11
12
13        Petitioner, an inmate at Chuckawalla Valley State Prison, filed this *pro se* action seeking a
14   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Now pending before the Court is petitioner's
15   request for an extension of time to file his traverse and for appointment of counsel.  Dkt. No. 11.
16   For the following reasons, the Court GRANTS petitioner an extension of time to file his traverse
17   and DENIES his request for appointment of counsel.
18                                **DISCUSSION**
19        Petitioner has shown good cause for the grant of an extension of time to file his traverse.
20   Petitioner shall file his traverse by June 5, 2020.
21        Petitioner argues that appointment of counsel is required to protect his interests and rights
22   because he does not have the formal training necessary to properly deal with this petition.  The
23   Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *See Knaubert v.*
24   *Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  18 U.S.C. § 3006A(a)(2)(B) authorizes a district
25   court to appoint counsel to represent a habeas petitioner whenever "the court determines that the
26   interests of justice so require" and such person is financially unable to obtain representation.  The
27   decision to appoint counsel is within the discretion of the district court.  *Chaney v. Lewis*, 801 F.2d
28   1191, 1196 (9th Cir. 1986).  The courts have made appointment of counsel the exception rather

United States District Court
Northern District of California

than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196.  Petitioner's request for appointment of counsel is denied because the record does not indicate that justice requires the appointment of counsel.  The federal habeas petition, which petitioner prepared, has adequately presented the legal claims, and demonstrated a good understanding of the issues.  Petitioner's request for appointment of counsel is therefore DENIED without prejudice to the Court *sua sponte* appointing counsel if circumstances so require. *See, e.g., LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (no abuse of discretion in denying appointment of counsel where pleadings illustrated that petitioner had good understanding of issues and ability to present forcefully and coherently his contentions); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (no abuse of discretion in denying request for appointment of counsel where petitioner was over 60 years of age and had no background in law, but he thoroughly presented issues in petition and accompanying memorandum).

## CONCLUSION

For the foregoing reasons, the Court GRANTS petitioner an extension of time to file his traverse and DENIES his request for appointment of counsel.  Petitioner shall file his traverse by June 5, 2020.

This order terminates ECF No. 11.

**IT IS SO ORDERED.**

Dated:  4/29/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

2