UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE J. CARRERO,<br><br>    Petitioner,<br><br>v.<br><br>DAVID J. HOLBROOK,<br><br>    Respondent. | Case No. 19-cv-06110-HSG<br><br>**ORDER AMENDING ORDER TO SHOW CAUSE; SETTING NEW BRIEFING SCHEDULE** |

Petitioner, an inmate at Chuckawalla Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction from Santa Clara County Superior Court. On November 26, 2019, the Court screened the petition and found that it stated the following cognizable claims for federal habeas relief: (1) judicial bias, (2) denial of due process and a fair trial because Petitioner was unable to assist with his defense due to severe sleep deprivation caused by the jail's schedule for sleeping and transport to court; (3) denial of his right to present a complete defense because of evidentiary rulings; (4) cumulative error; (5) ineffective assistance of counsel at sentencing; (6) ineffective assistance of counsel for failing to raise or explore the above grounds as bases for challenging his conviction; and (7) ineffective assistance of counsel for failure to inform the trial court of the unconstitutional conditions in Santa Clara County Jail and for failure to object to the trial judge's clear bias. Dkt. No. 6. The Court ordered Respondent to answer the petition. Dkt. No. 6. On March 13, 2020, Respondent filed an answer. Dkt. No. 10. On January 7, 2021, after receiving multiple extensions of time, Petitioner filed his traverse. Dkt. No. 21. In his traverse, Petitioner states that he also sought federal habeas relief on the two grounds raised in his direct appeal: that the jury was not impartial, and that his sentence constituted cruel and unusual punishment. Dkt. No. 21 at 2, 8. The Court has reviewed the

petition, and finds that Petitioner's incorporation of his appellate brief in his petition (Dkt. No. 1 at 38-65) is sufficient to raise these grounds in this action. However, because the Court's order to show cause failed to identify these arguments as grounds for habeas relief, Respondent has not had a chance to respond to these arguments. Accordingly, the Court issues the following amended order to show cause, and sets a new briefing schedule.

**AMENDED ORDER TO SHOW CAUSE**

The Court has reviewed the petition and finds that Petitioner alleges the following grounds for federal habeas relief: (1) judicial bias, (2) denial of due process and a fair trial because Petitioner was unable to assist with his defense due to severe sleep deprivation caused by the jail's schedule for sleeping and transport to court; (3) denial of his right to present a complete defense because of evidentiary rulings; (4) cumulative error; (5) ineffective assistance of counsel at sentencing; (6) ineffective assistance of counsel for failing to raise or explore the above grounds as bases for challenging his conviction; (7) ineffective assistance of counsel for failure to inform the trial court of the unconstitutional conditions in Santa Clara County Jail and for failure to object to the trial judge's clear bias; (8) biased jury; and (9) the sentence constituted cruel and unusual punishment in violation of the Eighth Amendment. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

Within **sixty (60) days** of the date of this order, Respondent shall file with the Court and serve on Petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent need not file with the Court or serve on Petitioner another copy of all transcribed and relevant portions of the state trial record. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed. Because the amended order to show cause identifies additional claims, the answer and traverse currently filed in the record have no legal significance and will not be considered by the Court in deciding this petition

except in the following ways.  However, the Court will consider the state trial record already filed, *see* Dkt. No. 10-1 to 10-9, and, if Petitioner so wishes, he may forgo filing a new traverse and request that the Court simply consider the traverse filed on January 7, 2021 in lieu of a new traverse.

**IT IS SO ORDERED.**

Dated:  2/17/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge